DOMENGEAUX, Judge.
Plaintiff, Morgan Johnson, filed this suit for workmen’s compensation benefits, penalties, and attorney’s fees, alleging that he had injured his back while in the course and scope of his employment with defendant’s insured, the Calcasieu Parish Police Jury. The trial court found plaintiff to be totally and permanently disabled and rendered judgment accordingly, awarding him the sum of $49.00 per week for the duration of his disability, not to exceed 500 weeks, plus medical expenses and costs, but rejecting his demand for penalties and attorney’s fees. Defendant appealed that judgment to this court, and plaintiff answered the appeal asking for the penalties and attorney’s fees denied him by the District Court.
The evidence shows that at the time of the accident plaintiff, who was then sixty-two years of age, was employed by the Calcasieu Parish Police Jury, Ward 5, in the Highway Department, as a labor foreman. On September 15, 1971, with shovel in hand, he was preparing to remove some dirt from a ditch when he slipped and fell to his knee. He felt immediate intense pain in his lower back and remained in a genuflecting position for some four to five minutes before being able to rise. He did no more manual labor that day and within hours he had an employee drive him to the barn where he reported the accident to a superior. The following day he entered Vinton Memorial Hospital under the care of Dr. Victor D. Watson.
Doctor Watson, a general practitioner, diagnosed plaintiff’s injury as an acute lumbosacral strain with resultant aggravation of pre-existing arthritis. He retained plaintiff in the hospital for thirty-five days, treating him with traction and medication. He continued to treat plaintiff following his release from the hospital, and last saw him before trial on May 25, 1972. It was Doctor Watson’s opinion that plaintiff was totally and permanently disabled from doing the type of work that the evidence shows him to have been engaged in at the time of the accident, i. e. manual labor.
While plaintiff was still a patient of the Vinton Memorial Hospital he was referred by Doctor Watson to an orthopaedic surgeon, Dr. James P. Cloud of Orange, Texas.
Doctor Cloud examined plaintiff on three occasions: October 12, 1971; January 18, 1972; and September 18, 1972. Each time he gave plaintiff a thorough or-thopaedic examination and made x-ray photographs of his spine. It was his conclusion that plaintiff had been afflicted with arthritis prior to the accident but that the condition had been asymptomatic until then. The accident, however, produced a lumbosacral sprain that also made the arthritic condition symptomatic. Doctor Cloud opined that plaintiff was still suffering the effect of both maladies and that he was therefore disabled from performing his former duties and would be so disabled for an indefinite period of time.
In opposition to the foregoing medical evidence, defendant offered the testimony of Dr. Norman P. Morin, an orthopaedic surgeon from Lake Charles, Louisiana. Doctor Morin examined plaintiff one time, on February 4, 1972, at the request of defendant. He concluded that plaintiff was strictly a malingerer and that there was nothing wrong with him, save some mild arthritis. He could find no disability that could in any way be connected to the accident described by plaintiff. On cross-examination, however, he admitted that he could not deny that plaintiff had suffered *737 a lumbosacral strain on September 15, 1971, and that osteoarthritis can be activated by trauma.
Plaintiff testified regarding the occurrence of the accident and his subsequent medical care as hereinabove described. He added that because of the difficulty with his back he has been unable to work at all since the accident.
He was corroborated in this last point by the testimony of Pleasant Doyle, Martin Johnson, and Ras Husband, each of whom had known plaintiff for a number of years. The testimony of these witnesses was to the effect that plaintiff had been healthy and a hard worker before the accident, frequently engaging in hard manual labor with his men. After the accident, however, plaintiff was obviously unwell and troubled by his back. He had not, to the knowledge of anyone who testified, worked since the accident.
The defendant put on the testimony of Arthur L. Darnsteadt, Jr., Assistant Parish Engineer. He stated that to his knowledge labor foremen are not required to do manual labor, but he admitted that they may be required to do so on a ward basis. He could not say what the practice in that regard was in Ward 5, plaintiff’s ward. Plaintiff and his witnesses could say, and they testified that labor foremen were required to do manual labor when necessary.
In view of the foregoing evidence we cannot say that our learned brother of the District Court was in error in concluding that plaintiff was doing manual labor prior to the accident at the behest of his superior and that the accident totally and permanently disabled him from such work. Accordingly his award of compensation, medical expenses and costs will be affirmed.
Plaintiff’s claim for penalties and attorney’s fees, as aforesaid, was rejected by the trial court, and he complained of that ruling by answer to defendant’s appeal. As is seen in the foregoing discussion there was extreme conflict of opinion between the two medical specialists who examined plaintiff. Under these circumstances we cannot say that the trial court erred manifestly in rejecting his claim for penalties and attorney’s fees, and we must therefore affirm the rejection. Guillory v. Hartford Accident and Indemnity Company, La.App., 168 So.2d 360; writ refused 247 La. 248, 170 So.2d 508.
For the above and foregoing reasons the judgment of the District Court is affirmed at the costs of defendant-appellant.
Affirmed.